# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

GERALD C. MANN
XXXXXXXXX
PRICE DANIEL
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman & Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-2183
Re: Legality of refund of unemploy-
ment compensation contributions
to an employer heretofore paid
by the employer on certain per-
sons who received commissions
for writing insurance and who
also received a salary for certain
managerial duties performed by
said persons.

We received your letter dated April 5, 1940, which is self
explanatory and reads as follows:

"Upon the basis of the facts recited below, your
opinion is requested as to the legality of a refund of
unemployment compensation contributions heretofore
paid by an insurance company upon certain remunera-
tion payable to the individuals who are discussed.

"The insurance company is an 'employer' under
the Texas Unemployment Compensation Act by virtue
of Subsection 19 (f) (1), being Article 5221b-17 (f) (1),
even though the persons whose remuneration is here
in question be not considered. It had that status during
the period January 1, 1936 - April 1, 1939, the latter
date being the effective date of an amendment to the
Act which did away with statutory exceptions existing
theretofore which were applicable to the insurance com-
pany sales agents. The facts stated will have reference
only to the period of time mentioned.

"Individuals performed service for the company at
the company's branch offices. This service consisted
as well of handling local matters, that is, managing the
branch offices, as of selling insurance. The company
gave these individuals, selected because they were out-
standing agents, such title as 'manager' or 'assistant

manager. For the part-time managerial work, the company paid its managers a regular salary; for the selling of insurance, it paid them the customary commission.

"The company paid contributions to this Commission upon the total combined salary and commission remuneration of the managers for the period January 1, 1937 - March 31, 1939. On July 20, 1939, the company made application to the Commission for refund of all contributions paid upon commissions paid to managers for selling insurance during the period last mentioned, admitting that contributions based on the salary portion of the remuneration of such managers were properly made. The application is based upon the company's contention that Subsection 19 (g) (6) (I), being Article 5221b-17 (g) (6) (I), as applicable to the period of time under consideration, does not impose upon the company any liability for contributions on such commissions as opposed to salary.

"On February 9, 1937, the Attorney General of Texas, through W. B. McMillan, Assistant Attorney General, held that the Legislature intended to exempt from contributions only the compensation of those agents who are paid entirely on a commission basis and that contributions on both salary and commission of each agent in the position of agents above described were required. We would like to have this question reconsidered and be furnished with your opinion as to whether the Commission may refund contributions paid upon commission paid to the above described insurance agents whose compensation consisted of both salary and commissions.

"Regulation No. 47, dealing with insurance agents and quoted in the opinion dated February 9, 1937, was carried over verbatim as Regulation 33 in the Regulations adopted by the Commission on July 2, 1937. Regulation No. 38, adopted July 2, 1937, deals with refunds. It was superseded on September 5, 1939, by the present Regulation No. 39."

Prior to April 1, 1939, Subsection (g) (9) of Section 19 of the Texas Unemployment Compensation Act, same being Acts 1936, 44th Leg., 3rd C.S., page 1993, Ch. 482, read as follows:

"In determining employees under this Act and in determining employers under this Act, and in determining wages under this Act, neither term shall include employment of or service by agents of insurance companies who

collect their compensation on a commission basis (Repealed April 1, 1939)."

The contributions in question were paid upon the combined salary and commission remuneration of these agents who acted in a dual capacity, that of agent and manager, for the period between January 1, 1937, and March 31, 1939. Therefore, the above quoted Subsection of the Unemployment Compensation Act was in effect when the contributions in question were paid.

In an opinion rendered on February 9, 1937, an Assistant Attorney General ruled that the Legislature intended to exempt only those employees receiving compensation solely on a commission basis. We quote from said Opinion, in part, as follows:

"The question presented in this section is whether the Legislature intended to exempt from contributions only those agents paid entirely on a commission basis or all agents paid in any part by commission. It is my opinion that the Legislature intended to exempt only those employees receiving compensation solely on commission. To hold otherwise would have the effect of exempting all the agents of insurance companies who collect any portion of their compensation on a commission basis, no matter how small the commission or how large the salary.

"Not only does this subsection exempt insurance companies from payment of contributions on commissions but also exempts such agents as employees under this Act, and their employers as employers under the Act. This would allow insurance companies an opportunity to pay all their agents a small commission, which providing they did not have as many as eight other employees, would enable them to avoid contributions under the Texas Unemployment Compensation Act."

The Texas Unemployment Compensation Act, as it read prior to April 1, 1939, required that the employer paid contributions on the remuneration paid to its employees. This would include the salary paid to the insurance salesman for his managerial duties. The above mentioned Act clearly excludes the payment of contributions on the commissions of insurance agents or salesmen who are compensated on a commission basis.

Since the Act excludes the payment of contributions by the employer on the commission paid to agents who are compensated on a commission basis, we are of the opinion that the contribution or tax

is due upon the salary of the agent which he receives for duties performed in his managerial capacity and contributions or taxes are not due on that part of the remuneration which the agent receives as commissions for writing insurance. Should we hold otherwise, we would be grafting a meaning to the Act which is not present. We are of the opinion that the heretofore mentioned Subsection of the Act sets up a clear line of demarcation, with commissions paid to insurance agents on one side and wages on the other side. The former is not taxable while the latter is taxable. The opinion of the Assistant Attorney General rendered February 9, 1937, which did not bear the official approval of the Attorney General, is overruled insofar as it is in conflict with this opinion.

Regulation No. 47, dealing with insurance agents and quoted in the opinion dated February 9, 1937, which was carried over verbatim as Regulation No. 33 in the Regulations adopted by the Commission on July 2, 1937, is ineffective as applied to the facts set out in this opinion.

We conclude that the insurance company is entitled to a refund of the contributions paid on the agent's commissions providing said company complied with the rules of the Commission with respect to refunds and has seasonably filed its claim or claims for said refund as indicated by our Opinions Nos. O-459 and O-1765.

We trust that this is the information desired.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Glenn R. Lewis (Sgd.)

        Glenn R. Lewis
        Assistant

By      Lee Shoptaw (Sgd.)
        Lee Shoptaw

APPROVED JUN 18, 1940

(Sgd.) Gerald C. Mann

ATTORNEY GENERAL OF
        TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN